**GULF OIL CORPORATION v. RUSSELL, POLING & CO. et al.**

**THE JUNIATA,**

No. A–18033.

District Court, E. D. New York.

Nov. 15, 1946.

Foley & Martin, of New York City, for libelant.

Alexander & Ash, of New York City (Lawrence S. Collins, of New York City, of counsel), for respondent Russell, Poling & Co.

BYERS, District Judge.

Hearing on exceptions to interrogatories Third and Seventh attached to the Answer of respondents.

An examination of the pleadings discloses that the respondents seek, in effect, to know what libelant's employees (who navigated a sea-going barge at the time of her sustaining certain damage which probably was the damage giving rise to libelant's cause for failure to return in the same condition, etc.) will assert in reference to the happening itself. This means either that the challenged interrogatories are designed to amplify libelant's allegation of respondents' negligence (Article Twelfth of libel) or to support respondents' allegations which purport to state certain events of the voyage in question on September 24, 1945 (Article Tenth of answer).

In either aspect they are proper, and should be answered, within Coronet Phosphate Co. v. United States Shipping Co., D.C., 260 F. 846.

It is unnecessary to borrow anything from the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to properly interpret Admiralty Rule 31, 28 U.S.C.A. following section 723.

Exceptions overruled.

Settle order.